FILED
NOV 0 8 2010
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 09-52288-ASW |
| JOSEPH JOHNSON, | |
| Debtor. | |
| JOSEPH JOHNSON, | Adv. No. 09-5107 |
| Plaintiff, | |
| vs. | |
| LAFAYETTE CAPITAL GROUP, INC., and DOES 100 | |
| Defendants. | |

**MEMORANDUM DECISION RE**
**MOTION TO DISMISS AND STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT**

Before the Court is the motion to dismiss and strike the second amended complaint ("Motion") filed by defendant Lafayette Capital Group ("Defendant") in the adversary proceeding brought by plaintiff and debtor Joseph Johnson ("Plaintiff") against Defendant. Plaintiff opposes the motion, or alternatively requests leave to amend.

Plaintiff is representing himself *in propria persona*. Defendant is represented by Dennis D. Miller, Esq. of Stein &

Lubin. A hearing on the Motion was held on October 26, 2010. The Court has reviewed the papers filed in support of and in opposition to the Motion, and heard the arguments of counsel at the hearing. This Memorandum Decision constitutes the Court's findings of fact and conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

I.

FACTS

On January 12, 2005, Plaintiff and Plaintiff's wife, who is not a co-debtor in Plaintiff's bankruptcy case, signed a note in the amount of $340,000 with a 14% interest rate and a balloon payment due after two years. The note was secured by a second deed of trust on Plaintiff's principal residence at 6042 La Spezia Place, San Jose, California. This note and deed of trust are hereafter referred to as the "2005 loan." On April 2, 2007, in settlement and release of all claims for alleged violations of the Home Ownership and Equity Protection Act ("HOEPA"), the Truth in Lending Act ("TILA"), and other related claims in connection with the making of the 2005 loan, the parties entered into a new note secured by a deed of trust on Plaintiff's residence (the "2007 loan") to refinance the 2005 loan. On April 18, 2007, the parties entered into an Amended and Restated Release of All Claims (the "Release"). The 2007 loan advanced to Plaintiff and Plaintiff's wife the sum of $60,000, and the new note was made in the amount of $400,000 with 10% interest only payments and a balloon payment due after two years. On October 15, 2007, a notice of default was recorded against Plaintiff's residence. On March 31, 2009, Plaintiff filed a Chapter 13 bankruptcy petition.

On April 24, 2009, Plaintiff filed a complaint alleging (1) violations of TILA, HOEPA, which amends TILA and offers further protections for high rate mortgages, Regulation Z, which implements TILA and HOEPA, and the FTC Act; (2) seeking injunctive relief; and (3) fraud and/or mistake in breach of fiduciary obligations. The Court dismissed all of Plaintiff's claims based on the 2005 note. The Court dismissed certain claims regarding the 2007 note, but dismissed some of those claims with leave to amend.

On March 12, 2010, Plaintiff filed a first amended complaint alleging (1) violations of TILA, HOEPA and Regulation Z, which implements TILA and HOEPA; (2) fraud and/or mistake and breach of fiduciary obligations; and (3) Plaintiff asks the Court to value the secured claim under Rule 3012 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. section 506 (a) and (d). Defendant asserts that the second amended complaint is almost identical to the dismissed first amended complaint and suffers from the same defects.

II.

STANDARD OF REVIEW

The Ninth Circuit has stated that the standard of review for motions to dismiss is as follows:

> The nature of dismissal requires us to accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs. However we are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.

Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and internal quotations omitted).

Further, the Ninth Circuit has held that "dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1296 (9th Cir. 1998) (citations and internal quotations omitted).

III.

ANALYSIS

Plaintiff continues to allege claims arising from the 2005 loan even though the Court's Order of February 16, 2010 stated that "[a]ny and all of Plaintiff's claims based on the 2005 Promissory Note Secured by Deed of Trust and the 2005 Deed of Trust are dismissed as Plaintiff has released all such claims." Order Granting in Part and Denying in Part Motion to Dismiss ¶ 2 (February 16, 2010). Accordingly, those claims have been dismissed, and the Court only addresses the claims regarding the 2007 loan.

Defendant asserts that facts from Plaintiff's opposition and declaration may not be regarded as part of Plaintiff's complaint. Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 (9th Cir. 1998). The Court is not relying on facts stated in Plaintiff's opposition nor Plaintiff's declaration, so there is no need to strike the papers.

A. First Cause of Action for Violation of TILA, HOEPA, and Regulation Z

At the April 29, 2010 hearing on Defendant's motion to dismiss Plaintiff's first amended complaint, the Court dismissed the first cause of action because Plaintiff combined several causes of action into one. The Court instructed Plaintiff to plead claims under

HOEPA and TILA separately, with the corresponding elements and supporting facts for each. Plaintiff has not amended the first cause of action substantively, but has pled violations of TILA and HOEPA separately as follows.

**1. HOEPA Violations**

Regarding the 2007 loan, the second amended complaint alleges that in offering and making the loan, Defendant violated the requirements of HOEPA by including prohibited loan terms, including: (1) a prepayment penalty; and (2) a balloon payment term of less than five years. In addition, the second amended complaint alleges that Defendant improperly engaged in a pattern or practice of extending credit to consumers, such as Plaintiff, based on the value of the collateral rather than the consumer's current ability to repay on the obligation.

Defendant argues that Plaintiff's claim for alleged violations of HOEPA, as well as TILA, cannot stand as a matter of law because the 2007 loan was a business loan that is not subject to the provisions of HOEPA or TILA. HOEPA and TILA expressly do not apply to extensions of credit primarily for business or commercial purpose. 15 U.S.C. §§ 1602(aa)(1), 1603(1), 12 C.F.R. § 226.3. As part of the 2007 loan, Plaintiff and Plaintiff's wife signed a certificate of business purpose of loan (the "certificate") which in relevant part represented to Defendant that "[n]o part of the Loan proceeds are intended to be used for a nonbusiness (i.e., personal, consumer, household or family) purpose." (Def.'s Mem. of P. & A. Ex. B at 4-5.) However, the certificate also included the following certification: "the <u>exclusive</u> purpose of the Loan is to finance the business enterprise known as: _____" with a

MEMORANDUM DECISION
MOTION TO DISMISS, ETC.          5

line for the name or purpose of the business left blank. (Def.'s Mem. of P. & A. Ex. B at 4-5.) Plaintiff alleges that the 2007 loan was a consumer loan.

In determining whether a loan transaction is consumer or commercial in nature, and thus whether relevant disclosures should have been made, the court must examine the facts of the case to determine the primary purpose of the loan. *See* <u>Semar v. Platte Valley Fed. Sav. & Loan Ass'n</u>, 791 f.2d 699, 703-04 n.11 (9th Cir. 1986). There is a serious question of fact as to whether the 2007 loan was in fact a business loan.

**2. TILA Violations**

With respect to the alleged TILA disclosure violations, the second amended complaint alleges that Defendants failed to make TILA disclosures in writing before the consummation of the 2007 loan, including: (1) certain notices in writing; (2) the annual percentage rate; (3) the regular payment amount; and (4) material credit information. The second amended complaint also asserts that Defendant violated TILA by failing to disclose, or accurately disclose: (1) the identity of the creditor; (2) the amount financed; (3) the finance charge; (4) the annual percentage rate; (5) the payment schedule; (6) the total of payments; (7) any prepayment penalties; (8) any late payment charges; (9) the acquisition of a security interest by lender in Debtor's principal dwelling; and (10) material credit information. The second amended complaint alleges that Defendant made consumer credit disclosures that do not reflect the terms of the legal obligation between the parties. Plaintiff asserts that rescission is appropriate because Defendant also failed to deliver the required notice of right to

cancel to Debtor.

As the Court has discussed, the disclosure requirements of TILA apply only to consumer credit transactions, and do not apply to loans for business purposes. Plaintiff alleges that the loan is a consumer loan, and there is at least a factual question as to whether Plaintiff and Defendant entered into a consumer credit transaction.

### 3. Monetary Damages

Defendant asserts that Plaintiff's claims for monetary damages for any violation of HOEPA and TILA are barred by the one-year statute of limitations under 15 U.S.C. section 1640(e), which requires that such an action proceed "within one year from the date of the occurrence of the violation." *See* Alvara v. Aurora Loan Services, Inc., No. C-09-1512, 2009 WL 1689640, at *5 (N.D. Cal. June 16, 2009). The Ninth Circuit has noted that, in the TILA context, the failure to make required disclosures occurs, if at all, at the time the loan documents were signed. Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003). Defendant asserts that the parties entered into the subject loan in April 2007, but Plaintiff filed the instant action in 2009, past the one-year statute of limitations.

Pursuant to 15 U.S.C. § 1640(e), except as otherwise provided by state law, a claim for recoupment or set-off in an action under TILA is not barred by the one-year statute of limitations where the claim is asserted as a matter of defense. Plaintiff asserts that Plaintiff is entitled to recoup or set-off the monetary damages against the proof of claim filed by Defendant for the secured amount of $510,783.20. Where a creditor has filed a proof of claim

to collect a debt arising from the same transaction, recoupment and set-off are defensive claims not barred by the statute of limitations so long as the main action is timely. In re Coxson, 43 F.3d 189 (5th Cir. 1995). As the Court stated at the April 29, 2010 hearing on Defendant's motion to dismiss Plaintiff's first amended complaint, Plaintiff has three years from the filing of the proof of claim to allege recoupment and set-off. Therefore, Plaintiff is entitled to seek monetary damages under TILA in the form of recoupment or setoff against Defendant's proof of claim.

**4. Rescission**

Plaintiff seeks rescission of the loan transaction under 15 U.S.C. section 1635. Generally, a borrower has three business days following the latter of the consummation of the transaction secured by the borrower's residence or the delivery of the required notices and disclosures to rescind without penalty. However, a borrower's right to rescind may be extended by up to three years after consummation of the transaction if a lender fails to comply with TILA's disclosure requirements. 12 C.F.R. § 226.15(a)(3). To exercise the right to rescind, the borrower must notify the creditor of the rescission by mail or other writing. 12 C.F.R. § 226.15(a)(2). The second amended complaint alleges that Defendant failed to deliver to Plaintiff a completed notice of right to cancel. Plaintiff alleges that Plaintiff provided Defendant with notice of Plaintiff's desire to rescind the 2007 loan agreement.

Defendant asserts that Plaintiff failed to tender the value of the property in order to seek rescission. In Yamamoto v. Bank of New York, 339 F.3d 1167, 1173 (9th Cir. 2003), the Ninth Circuit

explained that prior to ordering rescission based upon a lender's alleged TILA violation, a court may require a borrower to prove an ability to tender the loan proceeds. However, "[s]uch a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds." Yamamoto, 339 F.3d at 1173. Defendant fails to cite any authority demonstrating that a party seeking rescission under TILA is required to demonstrate tender or his or her ability to tender conclusively in a complaint. In Mangindin v. Washington Mutual Bank, No. C 09-01268 2009 WL 1766601, at *3-4 (N.D. Cal. June 18, 2009)(J. Ware), the borrowers were only required to allege that they attempted to tender, or were capable of tendering, the value of the property, or that such equitable circumstances existed that conditioning rescission on any tender would be inappropriate. Here, the second amended complaint alleges that Plaintiff has attempted to tender the value of the property and is "presently capable" of tendering the value of the property. This conclusion is unsupported by facts, but is a sufficient allegation according to Mangindin v. Washington Mutual Bank. *Id.* Accordingly, Defendant's motion to dismiss is denied with respect to Plaintiff's first cause of action.

B. Second Cause of Action for Fraud and/or Mistake

Plaintiff's second cause of action alleges that Defendant made false representations and promises, and failed to disclose or concealed from Plaintiff certain material facts. Nondisclosure or concealment may constitute actionable fraud when: (1) the defendant is in a fiduciary relationship with the plaintiff; (2) the

defendant had exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively conceals a material fact from the plaintiff; or (4) the defendant makes partial representations but also suppresses some material fact. Limandri v. Judkins, 52 Cal. App. 4th 326, 336 (Cal. App. Ct. 1997).

To state a claim for fraud or mistake under Rule 9(b) of the Federal Rules of Civil Procedure, a party must state with particularity the circumstances constituting the fraud or mistake. Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). This includes an account of time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations. Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004).

Plaintiff alleges that on or about March 2007, and continuing thereafter, Steve Ruegg, president of Defendant LCGI, made oral misrepresentations and false oral promises to Plaintiff. Plaintiff alleges that:

> Steve Ruegg made the following material misrepresentations to Plaintiff: (i) that upon closing of the 2007 Loan, Defendant LCGI would cancel the 2005 loan and reconvey the Deed of Trust for the 2005 loan to Plaintiff, and (ii) that the 2005 loan would be paid off and refinanced by the 2007 loan. Steve Ruegg also concealed material facts from Plaintiff, and/or failed to disclose material facts to Plaintiff, and/or suppressed material facts from Plaintiff.

Pl's Second Amended Compl. ¶ 35.

Plaintiff further alleges that Defendant intentionally breached its fiduciary duty to Plaintiff by failing to disclose certain alleged facts. While a lender may not be allowed to misrepresent facts, the relationship between a lending institution and its borrower client is not fiduciary in nature. See Nymark v. Heart

Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1093 n.1 (App. Ct. 1991). This is because a commercial lender is free to pursue its own economic interests, and this right is incompatible with the obligations of a fiduciary. Nymark, 231 Cal. App. 3d at 1093 n.1. The second amended complaint fails to allege any facts that establish a fiduciary duty by Defendant to Plaintiff. The Court has already dismissed Plaintiff's claim for intentional breach of fiduciary duty without leave to amend (Order Granting in Part and Denying in Part Motion to Dismiss ¶ 3(e) (July 13, 2010)), and likewise, this claim is again dismissed without leave to amend.

Nonetheless,

> ...in transactions which do not involve fiduciary or confidential relations, a cause of action for non-disclosure of material facts may arise in at least three instances: (1) the defendant makes representations but does not disclose facts which materially qualify the facts disclosed, or which render his disclosure likely to mislead; (2) the facts are known or accessible only to defendant, and defendant knows they are not known to or reasonably discoverable by the plaintiff; (3) the defendant actively conceals discovery from the plaintiff.

Warner Constr. Corp. v. L.A., 2 Cal. 3d 285, 294 (Cal. 1970). Here, Plaintiff alleges that Steve Ruegg promised that Defendant would void the 2005 loan and reconvey the 2005 deed of trust knowing that Defendant would not do that, and that Defendant and Steve Ruegg actively concealed their intent not to perform those promises.

Defendant asserts that Plaintiff has failed to plead fraud or mistake with specificity. The Court stated at the April 29, 2010 hearing on Defendant's motion to dismiss Plaintiff's first amended complaint that "[t]he problem [with the second cause of action in the first amended complaint] is that the language of this is

MEMORANDUM DECISION ON MOTION TO DISMISS, ETC. 11

Case: 09-05107 Doc# 66 Filed: 11/08/10 Entered: 11/09/10 14:18:50 Page 11 of 15

terribly drafted to say the exact opposite of what Mr. Johnson says orally in court." The Court further stated that the allegation made orally by Plaintiff at the hearing -- that Steve Ruegg made the aforementioned misrepresentations -- is not specific as to the location and day, but the Court would not throw out the cause of action as articulated by Plaintiff at the hearing, given that the party is named and discovery would provide Defendant with specific details as to place and time. The Court dismissed the second cause of action and directed Plaintiff to draft the cause of action to reflect accurately the fraud allegation made orally by Plaintiff at the hearing, which Plaintiff has done.

The Court finds that Plaintiff has at least alleged facts with regard to the offering and making of the 2007 loan that raise a factual issue regarding whether certain disclosures were made or should have been made. Accordingly, Defendants' motion to dismiss is denied as to Plaintiff's second cause of action.

C. <u>Third Cause of Action for Valuation of Defendant's Secured Interest in the Property</u>

Plaintiff has not made any substantive changes to the third cause of action. Plaintiff asks the Court to value the deeds of trust held by Defendant for the purpose of fixing the amount of the secured and unsecured claims on the property. Plaintiff has sufficiently pled this cause of action. There is a factual dispute over the priority of the liens on the property since there is a question of whether the 2007 loan relates back to the 2005 deed of trust. In addition, there is a dispute over the value of the property.

With respect to the third cause of action, Defendant's motion

to dismiss is denied.

D. <u>Motion to Strike Punitive Damages</u>

The Court stated in <u>Bureerong v. Uvawas</u>, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996), that "[a] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." Under Civil Code section 3294, a plaintiff may recover punitive damages where a defendant has engaged in oppression, fraud, and malice. Here, Defendant asserts that Plaintiff's claim for punitive damages should be stricken from the second amended complaint because Plaintiff failed to allege any facts to show that Defendant acted with malice, oppression, or fraud. The Court has found that Plaintiff's cause of action for fraud is sufficiently pled. Accordingly, Defendant's motion to strike Plaintiff's claim for punitive damages is denied.

III.

CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted in part and denied in part. Any claims based on the 2005 loan are dismissed. Notwithstanding the foregoing, Defendant's motion to dismiss is denied as to all of Plaintiff's causes of action, and Defendant's motion to strike punitive damages is also denied. Plaintiff shall prepare a form of order consistent with

//
//
//
//
//

this ruling and shall submit the proposed order to the Court after serving counsel for Defendant.

Dated: 11/8/10

ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

Court Service List

Joseph Johnson
6042 La Spezia Place
San Jose, CA 95138


Lafayette Capital Group, Inc.
c/o Dennis Miller
600 Montgomery St.
San Francisco, CA 94111


Dennis D. Miller
Law Offices of Stein and Lubin
600 Montgomery St. 14th Fl.
San Francisco, CA 94111


Office of the U.S. Trustee / SJ
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004